IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MELINDA A. PARRISH,                )
                                   )
            Plaintiff,             )
                                   )
v.                                 )      Civil Action No. 3:20-CV-959–HEH
                                   )
KILOLO KIJAKAZI,                   )
Acting Commissioner of             )
Social Security,                   )
                                   )
            Defendant.             )

## MEMORANDUM OPINION
### (Adopting Report and Recommendation of the Magistrate Judge)

THIS MATTER is before the Court on a Report and Recommendation ("R&R," ECF No. 26) from United States Magistrate Judge Mark R. Colombell filed on January 31, 2022, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R addresses the parties' cross-motions for summary judgment (ECF Nos. 19 and 24), which Plaintiff and Defendant respectively filed on June 25, 2021, and July 26, 2021. Plaintiff has objected to the R&R, and Defendant has responded thereto. The Court will dispense with oral argument because the facts and legal contentions are fully developed, and argument would not aid this Court in its decisional process. *See* E.D. Va. Local Civ. R. 7(J).

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *Nichols v. Colvin*, 100 F.

Supp. 3d 487, 497 (E.D. Va. 2015) ("[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007))). In conducting its review, this Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition of the case. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

The immediate case involves Plaintiff's application for Social Security Disability Benefits and Supplemental Security Income under the Social Security Act (the "Act"). In Plaintiff's application, she alleged disability from "ischemic stroke, neurocognitive disorder, [and] asthma." (R. at 12.) The Social Security Administration denied Plaintiff's claim, both initially and upon reconsideration. An Administrative Law Judge ("ALJ") then denied Plaintiff's application in a written decision, finding that Plaintiff did not qualify as disabled under the Act. The ALJ followed the five-step evaluation process, pursuant to Social Security Administration regulations, in making the disability determination. *See Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). During the five-step evaluation process, the ALJ asked "whether the claimant has been working; whether the claimant's medical impairments meet the regulations' severity and duration requirements; whether the medical impairments meet or equal an impairment listed in the regulations; whether the claimant can perform her past work given the limitations caused by her medical impairments" and finally "whether the claimant can perform other work." *Id.*; 20 C.F.R. § 404.1520(a)(4). Between steps three and four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), which was used during the remaining

2

steps of the evaluation process. *See* 20 C.F.R. § 404.1520(a)(4), (e); 20 C.F.R. § 404.1545(a). RFC accounts for the maximum activity the claimant can do despite their physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 416.975(a).

Based on the five-step process and a vocational expert's testimony, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. At step five, the ALJ determined that, while Plaintiff was unable to perform her past work, she could perform alternative jobs existing in significant numbers in the national economy. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff then sought review of the ALJ's decision in this Court.

The Magistrate Judge considered Plaintiff's challenge that there was not substantial evidence to support the ALJ's finding. This presented two issues for the Magistrate Judge to resolve: (1) whether the ALJ erred in evaluating the vocational expert opinion of Nancy Powell, M.D. ("Dr. Powell"); and (2) if the ALJ did err in its evaluation, whether such an error was harmless. The Magistrate Judge determined that the ALJ inadequately explained its conclusion regarding the inconsistency between Dr. Powell's opinion and the record. Therefore, the Magistrate Judge found that the ALJ did err in evaluating Dr. Powell's opinion, but that such an error was ultimately harmless to the decision.

Accordingly, the Magistrate Judge recommended to this Court, pursuant to 42 U.S.C. § 405(g), that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the final decision of the

Commissioner be affirmed. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

On February 14, 2022, Plaintiff filed an Objection to the Magistrate Judge's R&R. (Obj., ECF No. 27.) Plaintiff asserts that the ALJ did not "properly evaluate and explain Dr. Powell's opinions" when assessing the Plaintiff's RFC. (Obj. at 2.) Specifically, the ALJ did not articulate why Dr. Powell's opinion was afforded "some persuasiveness" but was "not completely consistent with the overall record." (R. at 21.) Plaintiff also disagrees with the Magistrate Judge's conclusion that this error was harmless because the ALJ "did not create a[n] [RFC] that was either equal to or more restrictive than Dr. Powell's opinions." (Obj. at 5.) Accordingly, Plaintiff asks this Court to reject the Magistrate Judge's R&R, reverse the ALJ's decision, and remand to the Commissioner for appropriate consideration of the evidence and award benefits. (*Id.*) In his Response, Defendant argues that the ALJ's restriction to light exertional work is consistent with the RFC because it accounted for each of Dr. Powell's opined limitations and is arguably more restrictive than Dr. Powell's opinion. (Def.'s Resp., ECF No. 28.) Therefore, Defendant argues that this Court should adopt the R&R and affirm the ALJ's decision. (*Id.* at 7.)

When reviewing the decision of an ALJ, the reviewing court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Johnson v. Barnhart*, 434

4

F.3d 650, 653 (4th Cir. 2005) (alteration in original) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). When assessing "substantial evidence," the Court looks for "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," which is more than "a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (alteration in original) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938))).

The Court cannot "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson*, 434 F.3d at 653 (second alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *see also Biestek*, 139 S. Ct. at 1156 (referring to the substantial evidence standard as "deferential"). "A factual finding by the ALJ is not binding [however] if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

In line with this standard, having reviewed the record, Plaintiff's objection, and the Magistrate Judge's detailed R&R, this Court finds that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law as to the arguments asserted by Plaintiff, which were properly reviewed and rejected by the Magistrate Judge. Accordingly, Plaintiff's objection will be overruled.

This Court agrees that the ALJ's findings encompass Dr. Powell's opined limitations. While the specific language of Dr. Powell's and the ALJ's opinions differ, they are substantially similar. Both discuss how Plaintiff is only permitted to perform light exertional work, which they both concluded means not standing for more than six continuous hours during the workday and taking frequent breaks while working. (R. at 15, 467.) The Court is not persuaded by Plaintiff's argument that the ALJ's RFC did not adequately account for Dr. Powell's opinion. First, the ALJ incorporated the exertional limitations provided by Dr. Powell and even added environmental limitations supported by Plaintiff's medical history. (R. at 15.) The ALJ actually found that the Plaintiff was "more functionally limited" than Dr. Powell did because Dr. Powell did not include those environmental limitations. (Def.'s Resp. at 2; R. at 21.) Therefore, the ALJ's RFC accounted for Dr. Powell's opinion to restrict Plaintiff to light exertional work and additionally imposed more restrictions after viewing the totality of the evidence. Consequently, whether or not the ALJ erred in evaluating Dr. Powell's opinion, the Court agrees with the Magistrate Judge that the error was harmless.

For these reasons, the Court HEREBY ACCEPTS and ADOPTS the Magistrate Judge's R&R. Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's Motion for Summary Judgment is GRANTED. The final decision of the Commissioner is AFFIRMED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: March 11, 2022
Richmond, VA